**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), THE AMERICAN FEDERATION OF TEACHERS, AFL-CIO, AND THE UNITED FOOD AND COMMERCIAL WORKERS, AFL-CIO, CLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, JEFFERSON BEAUREGARD SESSIONS III, in his official capacity as the Attorney General of the United States, ELAINE C. DUKE, in her official capacity as acting Secretary of Homeland Security, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY; AND THE UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.1:17-cv-01907 |

**PLAINTIFFS' MOTION FOR STATUS CONFERENCE AND ADOPTION OF A CASE MANAGEMENT ORDER**

## I. INTRODUCTION

This action was filed on September 18th, and served on the Defendants on September 25, 2017.[1] Notwithstanding that the United States normally is provided 60 days within which to respond to a complaint, the Plaintiffs ask that this Court schedule an early status conference and

[1] Plaintiffs amended the initial complaint on October 23, 2017 to add two new organizations with the Defendants' consent. Doc. 8. The amendments did not alter any causes of action.

enter a case management order to address the exigent circumstances giving rise to this action.

This case challenges the Defendants' announced intention to repeal the Deferred Action for Childhood Arrivals Program ("DACA") effective on March 5, 2018. Without expedited scheduling of the proceedings in this action, the Plaintiffs, whose members are among the registrants in the DACA Program, will be deprived of the opportunity to challenge the unlawful repeal of this Program on which they have relied for years. While the failure to expedite these proceedings will irreparably harm the Plaintiffs by denying their members the chance to contest Defendants' unlawful action before it becomes effective and they risk deportation, the adoption of an expedited case schedule will cause the Defendants no prejudice, as they are already subject to expedited schedules in several other pending cases that challenge the same action and seek the same or similar relief. Copies of a proposed Case Management Order and the Case Management Orders entered in two similar cases are attached.

## II. FACTUAL BACKGROUND

On September 12, 2017, the Defendants announced rescission of the Deferred Action for Childhood Arrivals ("DACA") Program. In operation since 2013, the DACA Program provides that eligible persons who arrived as children in the United States in violation of immigration laws may qualify as lawfully present in this country, and be eligible to work and obtain an education. The program has over 800,000 people enrolled, including some who are members of the Plaintiffs' respective organizations. The Defendants' decision to terminate the program leaves the DACA registrants open to deportation, thereby losing their homes, livelihood, family, and communities. The effective end of the program is March 5, 2018, less than five months away.

This action was filed on September 18, 2017 and served on September 25, 2017. It

alleges violations of the Due Process Clause of the United States Constitution and violations of the Administrative Procedure Act and the Regulatory Flexibility Act. The action seeks declaratory and injunctive relief.

Other cases challenging the same conduct and seeking the same or similar relief are pending in the Northern District of California, captioned as *Regents of the University of California, et al., v. U.S. Dep't. of Homeland Security, et al*, C-17-05211 WHA (N.D.Ca.), in the Eastern District of New York, captioned as *State of New York et al v. Donald Trump, et al*, 1:17-cv-052280-NGG-JO (E.D.N.Y), and most recently in the District of Maryland, *Casa De Maryland et al v. U.S. Department of Homeland Security et al*, 8:17-cv-02942 (D.Md.) Copies of the expedited scheduling orders entered in the first two cases are attached as Exhibits A & B. The Maryland case, filed on October 5th, was set for an early case status conference on November 1, 2017. (Ex. C).

The Plaintiffs propose adoption of a Case Management Order with a schedule that is similar to the schedules adopted by the Courts presiding over the other, sister cases. The Plaintiffs originally proposed this approach to Defendants by voicemail on September 28, 2017 and, having received no response, enclosed a proposed schedule by email on October 13, 2017. Ex. D, (Oct. 13, 2017 email from D. McNamara to B. Rosenberg). On October 17, 2017, Defendants responded that they would not consent to an expedited schedule in this matter. Ex. E (Oct. 17, 2017 email from Bechenhauer to McNamara).

## III. <u>STANDARD</u>

"Federal Rule of Civil Procedure 16 vests the district court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.'" *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009), *cert. denied*, 129 S.Ct.

2852 (2009) (quoting Fed.R.Civ.P. 16 advisory committee's note, 1983 Amendment). The rule notes that the "purposes of a pretrial conference" can include "expediting disposition of the action," "establishing early and continuing control so that the case will not be protracted because of lack of management," and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a).

## IV. ARGUMENT

### A. An Early Status Conference is Needed Due to the Approaching March 5th Deadline for the Repeal of the DACA Program

The imminent effective date for rescission of the DACA program makes expedition of this litigation necessary in order to afford Plaintiffs the opportunity adjudicate their claims and secure relief from the Defendants' unlawful action before its effective date on March 5, 2018. The courts in which the other, similar cases are pending adopted expedited schedules for this very reason. *See, e.g.,* Ex. F, Hearing Tr. of Sept. 21, 2017, *Regents of the University of California, et al., v. U.S. Dep't. of Homeland Security, et al*, C-17-05211 WHA at 22-24.

### B. A Compressed Schedule, Permitting Some Discovery, Is Needed

The schedule the Plaintiffs propose here follows closely the schedules adopted in the other principal cases. In an effort to minimize duplication in any discovery needed in this action and in the briefing undertaken here, the attached schedule sets due dates for briefing in this action that follow by a brief period the dates on which briefs on the same subject are due in the sister cases. And the proposed Case Management Order would permit the parties in this action to use discovery conducted in the sister cases in order to reduce, and possibly eliminate, the need for discovery in this action. Moreover, the proposed order does not alter Defendants' deadline for a response to the original complaint or a motion to dismiss. Since other courts have imposed discovery and motion deadlines that precede those proposed in Plaintiffs' schedule, no prejudice to Defendants exist.

## V. CONCLUSION

For the reasons stated above, the Court should issue the proposed Case Management Order and, to the extent necessary, convene a case management conference as soon as its schedule may permit.

October 24, 2017

Respectfully submitted,

/s/ *Joseph M. Sellers*

Joseph M. Sellers (DC # 318410)
Douglas J. McNamara (DC # 494567)
Julia A. Horwitz (DC # 1018561)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Fax: (202) 408-4699
Email: jsellers@cohenmilstein.com
dmcnamara@cohenmilstein.com
jhorwitz@cohenmilstein.com

*Attorneys for All Plaintiffs*

Bradford Berry
Janette Louard
NAACP National Headquarters
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5787
Email: bberry@naacpnet.org
jlouard@naacpnet.org

*Attorneys for Plaintiff, NAACP*

David J. Strom (DC # 376233)
Channing Cooper
Jessica Rutter
American Federation of Teachers
555 New Jersey Ave. NW
Washington, DC 20001
Telephone: 202-879-4400
Email: dstrom@aft.org

ccooper@aft.org
jrutter@aft.org

*Attorneys for Plaintiff, AFT*

Nicholas W. Clark**,** General Counsel (DC # 315986)
Renee L. Bowser**,** Assistant General Counsel
United Food & Commercial Workers
International Union, AFL-CIO, CLC
1775 K Street, NW
Washington, DC 20006
Telephone: (202) 466-1522
Email: nclark@ufcw.org
rbowser@ufcw.org

*Attorneys for Plaintiff, UFCW*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2017, I electronically filed the above document with the Clerk of the Court using the ECF, who in turn sent notice to all registered ECF recipients in the above matter.

Dated: October 24, 2017

*/s/ Julia A. Horwitz*
Julia A. Horwitz