**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), THE AMERICAN FEDERATION OF TEACHERS, AFL-CIO, AND THE UNITED FOOD AND COMMERCIAL WORKERS, AFL-CIO, CLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, JEFFERSON BEAUREGARD SESSIONS III, in his official capacity as the Attorney General of the United States, ELAINE C. DUKE, in her official capacity as acting Secretary of Homeland Security, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY; AND THE UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.1:17-cv-01907 |

**REPORT REGARDING SCHEDULING AND CASE MANAGEMENT AND PROPOSED TRIAL SETTING AND CASE MANAGEMENT ORDER**

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, Counsel for Plaintiffs, the NAACP, the American Federation of Teachers (AFT), and the United Food And Commercial Workers (UFCW), and counsel for Defendants Donald J. Trump, in his official capacity as president of the United States, Jefferson Beauregard Sessions III, in his official capacity as the Attorney General of the United States, Elaine C. Duke, in her official capacity as

Acting Secretary of Homeland Security, U.S. Citizenship and Immigration Services; U.S. Immigration and Customs Enforcement; Department of Homeland Security; and the United States of America ("Defendants" and collectively, "the Parties") participated in a teleconference as required by Fed. R. Civ. P. 26(f), on September 28, 2017, and then had subsequent communications. Plaintiffs prepared the following report, and invited Defendants' input, but received none.

## I. DESCRIPTION OF THE CASE

### a. *Plaintiffs' Position:*

Plaintiffs are organizations who count among their members registrants and applicants to the Deferred Action for Childhood Arrivals program (DACA). Plaintiff asserts that the President, his Department of Homeland Security, Attorney General, and immigration enforcement agencies failed to adhere to the Administrative Procedure Act, (APA), the Regulatory Flexibility Act ("RFA"), and the Due Process clause of the Constitution by suddenly discontinuing DACA. It contends that the rescission was unlawful due to 1) the continued cooperation and adherence to the program by DACA applicants and registrants; 2) the substantial reliance interests DACA applicants and enrollees have in the program, and that they acted upon when attending schools, buying cars and homes, and creating a life in the United States; 3) the absence of justification to ending the program; 4) the failure to give proper notice and comment before rescinding the program. The Defendants announced the rescission on September 12th, and the termination of DACA on March 5, 2018. As such, Plaintiffs propose a schedule to complete discovery and dispositive motions in advance of the impending date on which rescission of the DACA Program is scheduled to become effective.

### b. *Defendants' Position:*

## II. MATTERS RELATED TO LOCAL RULE 16:

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

***a. <u>Plaintiffs' Position:</u>***

Plaintiffs seek the administrative record on which the Defendants rely to support rescission of the DACA Program. In addition, Plaintiffs seek to use in this action discovery produced by the Defendants in other, similar cases challenging the same action and seeking the same or similar relief and, to the extent necessary, may seek limited additional discovery of the grounds and factors considered in directing rescission of the DACA Program prior to proceeding with any dispositive motion practice. The schedule adopted in *Regents of the University of California and Janet Napolitano, v. United States Department of Homeland Security and Elaine Duke*, No. 3:17-cv-05211-WHA (ND Cal.), in which similar claims are pending, is attached, as it provides for the same kind of sequencing of discovery and motion practice that the Plaintiffs propose here. (See attachment A).

***b. <u>Defendants' Position:</u>***

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

***a. <u>Plaintiffs' Position:</u>***

Plaintiffs moved to amend the complaint to add The AFC-CIO and the UFCW on October 23, 2017. Plaintiffs do not plan any further amendments as to parties. If fact discovery

provides support to additional claims, Plaintiffs will seek leave to amend the complaint within five days of discovery and before November 17, 2017.

***b. __Defendants' Position:__***

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

***a. __Plaintiffs' Position__***

Plaintiffs oppose such a transfer.

***b. __Defendants' Position:__***

**(4) Whether there is a realistic possibility of settling the case, and (5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR).**

***a. __Plaintiffs' Position:__***

While the Plaintiffs are willing to explore a settlement of this case, any such discussions should occur while this litigation proceeds.

***b. __Defendants' Position:__***

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

***a. __Plaintiffs' Position:__***

Plaintiffs believe summary judgment may provide a possible means for resolving the case and sets forth below a proposed schedule.

***b.*** ***Defendants' Position:***

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

***a.*** ***Plaintiffs' Position:***

Plaintiffs would not stipulate to dispensing with initial disclosures, and can provide such disclosures within a week of entry of the scheduling order.

***b.*** ***Defendants' Position:***

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

***a.*** ***Plaintiffs' Position:***

In addition to the administrative record compiled by the Defendants to support its repeal of the DACA Program, Plaintiffs seek access to and use of discovery responses provided by the Defendants in other cases advancing the same or similar claims and seeking similar relief and, to the extent necessary, the opportunity to conduct limited discovery not to exceed 20 Interrogatories and 20 Document Requests. This includes the basis for the decision to terminate DACA, the deadlines created by the Defendants, and the identity of persons involved in those decisions.

***b.*** ***Defendants' Position:***

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur**.

***a. <u>Plaintiffs' Position:</u>***

In light of the imminence of March 5th deadline to rescind the program, the schedule for disclosure of any expert witness reports should be truncated consistent with the proposed schedule.

***b. <u>Defendants' Position:</u>***

**(10) In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision. (11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

***a. <u>Plaintiffs' Position:</u>***

This case is not a class action.

***b. <u>Defendants' Position:</u>***

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

***a. <u>Plaintiffs' Position:</u>***

Plaintiffs propose the pretrial conference occur on January 26, 2018.

***b. <u>Defendants' Position</u>***

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference**.

***a. Plaintiffs' Position:***

In light of the imminent deadline to rescind DACA Program effective on March 5, 2018, Plaintiffs propose that the Court schedule a bench trial within a period less than 30 days after the pretrial conference and proposes the week of February 12, 2018.

***b. Defendants' Position:***

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

***a. Plaintiffs' Position:***

None

***b. Defendants' Position:***

## III. PROPOSED SCHEDULE

### A. Plaintiffs' Proposed Schedule

| Action | Proposed Deadline |
|---|---|
| Discovery Requests from Plaintiff (if any) | November 1, 2017 |
| Defendants' responses to discovery requests | November 10, 2017 |
| Deadline for Adding Claims | November 17, 2017 |
| Defendants' Motion to Dismiss or Answer to the Complaint | November 24, 2017 |
| Cross-Motions for Summary Judgment | December 1, 2017 |
| Opposition to motions | November 30, 2017 |
| Reply to motions | December 8, 2017 |
| Final Pretrial Conference | January 26, 2018 |
| Bench Trial | February 12, 2018 |

### B. Defendants' Proposed Schedule

**Dated:** October 24, 2017

Respectfully Submitted,

/s/ *Joseph M. Sellers*

Joseph M. Sellers (DC # 318410)
Douglas J. McNamara (DC # 494567)

Julia A. Horwitz (DC # 1018561)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Fax: (202) 408-4699
Email: jsellers@cohenmilstein.com
dmcnamara@cohenmilstein.com
jhorwitz@cohenmilstein.com

*For All Plaintiffs*

Bradford Berry (DC# 426326)
Janette Louard
NAACP National Headquarters
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5787
Email: bberry@naacpnet.org
jlouard@naacpnet.org

*Attorneys for Plaintiff, NAACP*

David J. Strom (DC # 376233)
Channing Cooper
Jessica Rutter
American Federation of Teachers
555 New Jersey Ave. NW
Washington, DC 20001
Telephone: 202-879-4400
Email: dstrom@aft.org
ccooper@aft.org
jrutter@aft.org

*Attorneys for Plaintiff, AFT*

Nicholas W. Clark**,** General Counsel (DC # 315986)
Renee L. Bowser**,** Assistant General Counsel
United Food & Commercial Workers
International Union, AFL-CIO, CLC
1775 K Street, NW
Washington, DC 20006
Telephone: (202) 466-1522
Email: nclark@ufcw.org
rbowser@ufcw.org

*Attorneys for Plaintiff, UFCW*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2017, I electronically filed the above document with the Clerk of the Court using the ECF, who in turn sent notice to all registered ECF recipients in the above matter.

Dated: October 24, 2017

*/s/ Julia A. Horwitz*
Julia A. Horwitz